Wilson v. Garland

BIA
Ruehle, IJ
A075 913 677

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand twenty-one.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

WENDELL K. WILSON,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent*.

19-482
NAC

_____

FOR PETITIONER:         Robert F. Graziano, Buffalo, NY.

FOR RESPONDENT:         Joseph H. Hunt, Assistant Attorney
                        General; Claire L. Workman, Senior
                        Litigation Counsel; Rachel L.
                        Browning, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wendell K. Wilson, a native and citizen of Grenada, seeks review of a January 28, 2019 decision of the BIA affirming an August 17, 2018 decision of an Immigration Judge ("IJ"). *In re Wendell K. Wilson,* No. A 075 913 677 (B.I.A. Jan. 28, 2019), *aff'g* No. A 075 913 677 (Immig. Ct. Batavia Aug. 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the BIA's and IJ's decision "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings for substantial evidence and its legal conclusions, including constitutional claims, *de novo.* *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513, 516 (2d Cir. 2009); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

The agency denied cancellation of removal and Wilson's

motions to subpoena a witness in support of that relief and for a continuance to pursue an asylum application. Wilson does not challenge the agency's discretionary denial of cancellation of removal, but he argues that the denial of a subpoena and a continuance deprived him of due process.[1] To succeed on a due process claim, Wilson must show that he was denied a "full and fair opportunity" to present his claims or that he was otherwise deprived of "fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted), and that the deprivation resulted in "cognizable prejudice," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted). We find no due process violation.

The agency did not abuse its discretion or deprive Wilson of due process by denying a continuance for him to pursue asylum. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006) (reviewing denial of continuance for abuse of discretion). "The immigration judge may grant a motion for

---

[1] Our jurisdiction to review the denial of discretionary relief, like cancellation of removal, is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B), (D). We have jurisdiction here because Wilson's arguments implicate due process.

continuance for good cause shown." 8 C.F.R. § 1003.29. IJs have "broad discretion" and "are accorded wide latitude in calendar management." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). To state a due process claim or challenge a continuance, the applicant for relief must establish, among other things, that the denial of the continuance caused prejudice and "materially affected the outcome of his case." *Matter of Sibrun*, 18 I. & N. Dec. 354, 358 (B.I.A. 1983); *see also Garcia-Villeda*, 531 F.3d at 149.

Wilson had opportunities to alert the IJ to his asylum claim, but his first attorney indicated there were no additional applications, Wilson did not mention asylum to the IJ after that attorney withdrew despite having possession of the application for relief and alerting the IJ to other issues, and his second counsel did not raise the asylum claim until the merits hearing. Moreover, Wilson has not shown prejudice because he has not subsequently presented any evidence to support the basis for his asylum claim. *See Matter of Sibrun,* 18 I. & N. Dec. at 356–57 (requiring movant to "specifically articulate the particular facts involved or evidence which he would have presented").

4

As to Wilson's motion for a subpoena, an IJ "may issue a subpoena upon his or her own volition or upon application of the Service or the alien." 8 C.F.R. § 1003.35(b)(1). "A party applying for a subpoena shall be required, as a condition precedent to its issuance, to state in writing or at the proceeding, what he or she expects to prove by such witnesses or documentary evidence, and to show affirmatively that he or she has made diligent effort, without success, to produce the same." *Id.* § 1003.35(b)(2). An IJ is required to grant a subpoena only if the "evidence is essential." *Id.* § 1003.35(b)(3).

The IJ did not err in declining to subpoena Wilson's son's testimony. Wilson has not demonstrated that his son's testimony was essential or that he made a good faith, diligent effort to obtain his son's testimony absent a subpoena. Wilson has not identified what information his son would have provided that was not already in his son's written statement. The IJ considered the potential value of the testimony, and found it lacking given the lack of documentation to corroborate the allegations regarding Wilson's son's mother. And Wilson did not show diligence as he made his motion orally

5

on the day of the hearing and provided only his attorney's oral statement that his son's mother had not returned an unidentified number of calls or text messages.

Finally, Wilson has not established prejudice because his son's testimony would have addressed hardship, but the IJ alternatively denied cancellation of removal as a matter of discretion. "[C]ancellation of removal is a two-step process. First, an alien must prove eligibility by showing that he meets the statutory eligibility requirements. Second, assuming an alien satisfies the statutory requirements, the Attorney General in his discretion decides whether to grant or deny relief." *Mendez v. Holder*, 566 F.3d 316, 319–20 (2d Cir. 2009) (internal quotation marks omitted). The IJ determined that Wilson did not merit a favorable exercise of discretion because of his criminal conviction, history of selling drugs, failure to file income taxes for several years, and lack of evidence of financial support for his son. Accordingly, Wilson cannot show that his son's testimony regarding harship, which went to eligibility for cancellation, would have affected the outcome of his proceedings. 8 U.S.C. § 1229b(b); *Garcia-Villeda*, 531 F.3d

6

at 149 (requiring "cognizable prejudice" to state due process claim).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court